THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Javier J. Acevedo-Rodriguez,**<br><br>*Plaintiff*,<br><br>v.<br><br>**Roberto Rivera-Pagan**, *et al.*,<br><br>*Defendants.* | Civ. No. 23-01467 (MAJ) |

## OPINION AND ORDER

### I.   Introduction

Before the Court is Plaintiff Javier J. Acevedo-Rodríguez's ("Plaintiff") action alleging violations of his civil rights. (**ECF Nos. 3, 15, 18**). Plaintiff, at the time appearing pro se,[1] filed a Complaint against Defendants, Roberto Rivera-Pagán, *et al.*, alleging violations of Prisoner Civil Rights under 42 U.S.C. § 1983. *Id*. Upon review, the Court finds that the matter at hand concerns a dispute between neighbors located in Puerto Rico over personal property and does not implicate a federal question or diversity jurisdiction. As such, Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for lack of subject matter jurisdiction.[2]

---

[1]   Approximately one month after Plaintiff commenced the instant litigation by filing his Complaint (**ECF No. 3**), the Court appointed Plaintiff with legal counsel. (**ECF No. 12**).

[2]   The First Circuit, while cautioning against hasty *sua sponte* dismissals, does allow for such action in cases burdened by frivolous claims or incurably defective pleadings. *See Clorox Co. P.R. v. Procter & Gamble Com. Co.*, 228 F.3d 24, 30-31 (1st Cir. 2000); *Verogna v. Johnstone*, 583 F. Supp. 3d 331, 334 (D.N.H. 2022), *aff'd*, No. 22-1364, 2022 WL 19795808 (1st Cir. Nov. 14, 2022). Frivolity, in this context, is understood as lacking an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining the meaning of "frivolous" under 28 U.S.C. § 1915).

Moreover, when a plaintiff, like the one at bar, opts to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court is authorized to dismiss the action if it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." (**ECF Nos. 1, 3**); *See Maldonado-Arce v. Claro Puerto Rico*, 17-cv-2134, 2018 WL 9801871, at *3 (D.P.R. Sept. 21, 2018) (citing 28 U.S.C. § 1915(e)(2)(B)). Given the Court's inability to identify any factual basis, legal theories, or jurisdictional grounds in Plaintiff's Complaint, dismissal is not only warranted but mandated under 28 U.S.C. § 1915(e)(2)(B). *Id*.

**II. Discussion**

Federal courts are not open markets where one can shop for any and all grievances; instead, they are "courts of limited jurisdiction, limited to deciding certain cases and controversies." *Belsito Commc'ns, Inc. v. Decker*, 845 F.3d 13, 21 (1st Cir. 2016). The party asserting federal jurisdiction bears the burden of establishing its existence. *Reyes-Colón v. U.S.*, 974 F.3d 56, 60 (1st Cir. 2020). This Court has an "omnipresent duty to take notice of jurisdictional defects," and must do so on its "own initiative if necessary." *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 26 (1st Cir. 2020). As such, the Court must establish whether it has subject matter jurisdiction over the case at bar. *See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 (1st Cir. 2004).

Here, Plaintiff's filings fail to establish federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. (**ECF Nos. 3, 15, 18**). At the core of Plaintiff's claims is a personal property dispute between neighbors. According to Plaintiff, around June 2019, Defendants agreed to safeguard certain personal and intellectual property of Plaintiff's at Defendants' residence, with a promise of returning these items unchanged at a later time. (**ECF No. 18**). Plaintiff suggests this arrangement was forced upon him due to a ban from entering his own home, imposed by his now deceased spouse, leading him to entrust Defendants with his valuables. *Id*. The property in question included a computer tower that contained the contents of Plaintiff's intellectual property, reportedly worth around $8,000. *Id*. The other assets included, luggage, a footlocker, a laptop, and documents allegedly totaling $5,000 in value. *Id*. Plaintiff maintains that he did not donate, sell, or gift these items or provided consent for their disposal. *Id*.

This factual backdrop, while undoubtedly of significant import to Plaintiff, anchors his claims purely within the realm of a private personal property disagreement. Consequently, his claims lack grounds for federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Since there is no diversity between the parties, nor do the claims touch upon federal law, Plaintiff's claims lack the requisite subject matter jurisdiction for this Court to adjudicate the instant dispute. Accordingly, Plaintiff's Complaint must be dismissed for this reason alone. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Johnson v. Facebook*, 23-cv-01453, 2023 WL 6879679, at *2 (D.P.R. Oct. 18, 2023) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (cleaned up) (dismissing *sua sponte* for "lack of subject-matter jurisdiction ... is proper only when the claim is so insubstantial ... as not to involve a federal controversy.")

Compounding this jurisdictional shortfall, during a status conference before this Court on February 20, 2024, Plaintiff's appointed Counsel conceded that Plaintiff's action before this Court did not have federal jurisdiction. (**ECF No. 22**). It was further admitted that Plaintiff had filed an action before the Commonwealth of Puerto Rico Courts concerning the same controversy and against the same Defendants as the instant matter. *Id*. These admissions underscore that this Court is not the appropriate forum for Plaintiff to seek redress for his claims. Thus, in conjunction with the reasons already set forth above, the acknowledgment by Plaintiff's Counsel that this Court does not possess subject matter jurisdiction to hear Plaintiff's claims, unequivocally warrants the dismissal of Plaintiff's case.[3]

---

[3] It warrants noting that, although the pleadings of a pro se plaintiff are subject to liberal interpretation, such latitude does not absolve the necessity for adherence to the dictates of procedural and

## III. Conclusion

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over the instant action. Accordingly, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. (**ECF No. 3**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of February 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**

---

substantive law. *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997). As noted, to help Plaintiff navigate the rules of federal court litigation, the Court appointed legal representation about a month into the litigation. Despite this intervention, and even granting Plaintiff the most charitable reading typically afforded to a pro se plaintiff, the jurisdictional shortcomings, as delineated herein, remain unresolved.